**Keith L. NIETERT, Plaintiff,**

v.

**Robert E. KELLEY, Major General, United States Air Force, Superintendent, United States Air Force Academy; David E. Urso, Roger Cohen, Ralph H. Byerly, Parties Defendant Names Unknown, Defendants.**

Civ. A. No. 82–C–1213.

United States District Court, D. Colorado.

April 24, 1984.

Charles J. Haase, Colorado Springs, Colo., for plaintiff.

Nancy E. Rice, Asst. U.S. Atty., Denver, Colo., for defendants.

### ORDER

CARRIGAN, District Judge.

At my request, counsel in this federal employment case submitted supplemental briefs on whether the Supreme Court's opinion in *Bush v. Lucas*, —— U.S. ——, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983) applies to Army and Air Force Exchange Service ("AAFES") personnel, thus denying them an implied remedy under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In requesting these briefs, I informed counsel of the Eleventh Circuit's recent decision in *Dynes v. AAFES*, 720 F.2d 1495 (11th Cir.1983). Further oral argument on this issue would not materially assist in deciding it, and the

trial date tugging at my sleeve precludes my writing a detailed opinion on the interesting issue here involved.

After reviewing the authorities presented, I conclude that the Tenth Circuit probably will not follow the Eleventh Circuit's reasoning in *Dynes*. There the Eleventh Circuit held that no *Bivens* remedy should be implied for AAFES employees because of the existence of meaningful remedies against the United States. But the Eleventh Circuit did not discuss as a significant factor the difference between AAFES regulations and the extensive civil service protections reviewed in *Bush v. Lucas*. Under the rationale of *Bush*, the critical difference between civil service regulations and the AAFES regulations is that judicial review of the latter is neither provided nor available. *See Dynes*, 720 F.2d at 1498–99, fn. *.

This lack of judicial review of an AAFES employee's constitutional claims requires that a *Bivens* remedy be implied to provide judicial review of alleged constitutional violations. There is nothing new about such a review; it derives from *Marbury v. Madison*, 1 Cranch 137, 5 U.S. 137, 2 L.Ed. 60 (1803). If *Dynes* were followed, employees of the Department of Defense, an executive agency, would have the last word on an AAFES employee's appeal of his or her claim of unconstitutional conduct by that agency. Such a result would be contrary to the principle laid down in *Marbury*.

For these reasons, the plaintiff will be allowed to assert, against all four remaining defendants, a *Bivens* claim for his allegedly improper exclusion from the Air Force Academy grounds. Whether the plaintiff prevails on any of his claims of course, will be for the jury to decide.